**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALAN BRAHAMSHA, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>REDBOX AUTOMATED RETAIL, LLC, a Delaware limited liability company,<br><br>*Defendant*. | Case No. 16-cv-10054<br><br>Honorable Andrea R. Wood |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR REMAND TO STATE COURT
AND TO STAY BRIEFING ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff Alan Brahamsha originally filed this case in the Superior Court of New Jersey, Monmouth Vicinage. Defendant Redbox Automated Retail ("Redbox") later removed to the United States District Court for the District Court of New Jersey, and the case was subsequently transferred here. As the removing party, Redbox has the burden of establishing this Court's jurisdiction over the case. Rather than doing that, Redbox has now called it into question by arguing in a motion to dismiss that Mr. Brahamsha "has alleged no injury at all." (Dkt. 7-1 at 25) (capitalization omitted). Injury in fact is an essential element of Article III standing, which is itself an essential element of federal jurisdiction. By arguing that Mr. Brahamsha has alleged no injury, Redbox has called his Article III standing into question, and has thus failed to meet its burden as the removing party of establishing federal jurisdiction. Consequently, this Court lacks jurisdiction and the case must be remanded to New Jersey state court. In addition, because this Court must resolve its own jurisdiction before making any decision on the merits, Mr. Brahamsha respectfully requests that briefing on Redbox's motion to dismiss be stayed pending resolution of the motion for remand.

**I.      THIS CASE SHOULD BE REMANDED TO NEW JERSEY STATE COURT.**

Mr. Brahamsha filed a one-count class action complaint against Redbox in New Jersey state court under that state's Truth-in-Consumer Contract, Warranty, and Notice Act ("TCCWNA"), N.J.S.A. §§ 56:12–14, *et seq.* He alleges that Redbox's Terms of Use violate TCCWNA by containing provisions that: (i) contravene the clearly established legal rights of consumers—including limiting the legal right of consumers to seek redress for intentional harms; and (ii) state in a general, non-particularized fashion that certain provisions are void, inapplicable, or unenforceable in some jurisdictions without specifying which provisions are void, inapplicable, or unenforceable in New Jersey. (Dkt. 1-1.)

1

One reason Mr. Brahamsha chose to file in New Jersey state court is that he is a resident of New Jersey seeking relief on behalf of a putative class of New Jersey consumers and TCCWNA is a New Jersey statute. Another reason why Mr. Brahamsha chose New Jersey state court is the uncertainty surrounding Article III standing for TCCWNA claims in the wake of the Supreme Court's recent decision in *Spokeo, Inc. v. Robins*, — U.S. —, 136 S. Ct. 1540 (2016). *See, e.g., Hecht v. Hertz Corp.*, No. 2:16-cv-01485, 2016 WL 6139911 (D.N.J. Oct. 20, 2016) *appeal docketed* (3d Cir. Nov. 22, 2016). Redbox subsequently removed the case to federal court, citing the Class Action Fairness Act ("CAFA"). (Dkt. 1.)

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, "[i]t is to be presumed that a cause lies outside this limited jurisdiction." *Id.* Furthermore, "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* In other words, federal courts operate under a rebuttable presumption that they lack jurisdiction. As Wright & Miller explains:

> [T]he federal courts are courts of limited jurisdiction, and there is no presumption that they have subject matter jurisdiction to adjudicate a particular case. Indeed, until the court's jurisdiction is demonstrated, the converse is true.

5 Charles A. Wright et al., Federal Practice & Procedure § 1206 (3d ed.); *see also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) ("[W]e presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record.") (internal quotations omitted). Moreover, a plaintiff's choice to litigate in state court is entitled to respect, and there is "a strong presumption in favor of remand." *Schulke v. Orthopaedics*, No. 16 C 2563, 2016 WL 3059114, at *1 (N.D. Ill. May 31, 2016); *see also Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) ("Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum."); *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013)

("[D]oubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court.").

Here, by removing the case to federal court, Redbox became the party asserting this Court's jurisdiction, and thus the party with the burden of rebutting the presumption against federal jurisdiction. *See Allied-Signal*, 985 F.2d at 911 ("[T]he burden of establishing federal jurisdiction falls on the party seeking removal."); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) ("The party seeking removal has the burden of establishing federal jurisdiction."); *Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 893 (7th Cir. 2013) ("[Removing defendant], as the party asserting federal jurisdiction, bears the burden of establishing it."). It has, however, completely failed to meet that burden.

Though Redbox cites to CAFA in support of this Court's jurisdiction, that is not enough. "[T]he party invoking federal jurisdiction … bears the burden of establishing the elements of Article III standing [as well]." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). The "first and foremost of standing's three elements" is "injury in fact." *Spokeo*, 136 S. Ct. at 1547 (internal quotations omitted). By arguing throughout its motion to dismiss that Mr. Brahamsha has *not* alleged any injury, Redbox has effectively disavowed that burden. (*See, e.g.,* dkt. 7-1 at 1 ("Brahamsha does not, however, allege any harm [or] injury."); 3 ("Plaintiff's complaint makes no reference to any injury or harm suffered."); 17 ("[Plaintiff has] pled no harm."); 24 ("Markedly absent from Plaintiff's complaint is any allegation that he suffered harm or injury."); 30 ("Plaintiff wholly fails to allege any facts to support either actual damages or cognizable harm.")). Consequently, Redbox has failed to rebut the presumption against federal jurisdiction, and thus, this Court lacks it.

To be clear, Mr. Brahamsha takes no position on whether he has alleged an injury

sufficient to establish Article III standing. He does not have to; he filed in state court. By contrast, if Redbox wants to be in federal court, then *it* must establish that Mr. Brahamsha has sufficiently alleged an Article III injury. It hasn't done so and instead, argues to the contrary. Therefore , the case must be remanded back to the Superior Court of New Jersey, Monmouth Vicinage.[1] 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Midland Mgmt. Co. v. Am. Alt. Ins. Corp.*, 132 F. Supp. 3d 1014, 1017-18 (N.D. Ill. 2015) ("Failure to meet this burden results in remand of the removed case."); *Caldera Pharm., Inc. v. Los Alamos Nat. Sec., L.L.C.*, 777 F. Supp. 2d 1125, 1126 (N.D. Ill. 2011) (finding no jurisdiction where party with burden failed to establish it).

## II. THIS COURT SHOULD STAY BRIEFING ON REDBOX'S MOTION TO DISMISS.

Mr. Brahamsha also respectfully requests that briefing on Redbox's motion to dismiss be stayed pending resolution of his motion for remand. Because the jurisdiction of federal courts is limited, district courts are required to resolve jurisdictional issues before proceeding to the merits of a case. *Amgen Inc. v. Ortho Pharm. Corp.*, No. 95 C 6310, 1997 WL 232755, at *3 (N.D. Ill. May 2, 1997). Indeed, federal courts "must be certain that federal subject-matter jurisdiction is proper before entertaining a defendant's motion under Federal Civil Rule 12 to dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted." 14C Charles A. Wright *et al.*, Federal Practice & Procedure § 3739 (4th ed.). *See also Gonzalez v. ADT LLC*, 161 F. Supp. 3d 648, 653 (N.D. Ind. 2016) (examining a motion for remand before a motion to dismiss to "ensure th[e] court has subject-matter jurisdiction to hear th[e] case"); *GE Betz, Inc. v.*

---

[1] *See* 14C Charles A. Wright et al., Federal Practice & Procedure § 3739 (4th ed.) ("It is well-established that a remanded case must return to the state court from which it was removed.").

4

*Zee Co.*, 718 F.3d 615, 622 (7th Cir. 2013) ("Before we can address any of the district court's later merits-based decisions, we must first review the district court's earlier denial of [Plaintiff's] motion to remand"); *Brennan Law Firm, P.C. v. Norfolk S. Ry., Co.*, No. 05-CV-742-DRH, 2005 WL 3358889, at *1 (S.D. Ill. Dec. 9, 2005) ("[I]t is proper for the Court to decide the motion to remand prior to deciding the motion to dismiss.").

Simply put, a federal court *cannot* dismiss a removed case without first addressing any jurisdictional concerns. Consequently, the motion to remand must be resolved first and briefing on the motion to dismiss should be stayed. *See McKenzie v. Wilson*, No. 02 C 4100, 2002 WL 31056688, at *1 (N.D. Ill. Sept. 13, 2002) (staying briefing on and disposition of motion to dismiss pending resolution of motion to remand); *Rauschkolb v. Chattem, Inc.*, No. 15-cv-1176, 2016 WL 403495, at *3 (S.D. Ill. Feb. 3, 2016) (noting that briefing on motion to dismiss had been stayed pending resolution of motion to remand).

## III. CONCLUSION.

For the foregoing reasons, this Court should enter an order (1) remanding this case to the Superior Court of New Jersey, Monmouth Vicinage; (2) staying briefing on defendant's Motion to Dismiss; and (3) granting such further relief as this Court deems just and proper.

Respectfully submitted,

**ALAN BRAHAMSHA**, individually and on behalf of all others similarly situated,

Dated: December 21, 2016

By: /s/ Benjamin H. Richman
    One of Plaintiff's Attorneys

Benjamin H. Richman
brichman@edelson.com
Courtney C. Booth
cbooth@edelson.com
Jacob B. Wright
jwright@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

## CERTIFICATE OF SERVICE

I, Benjamin H. Richman, an attorney, hereby certify that on December 21, 2016 I served the above and foregoing ***Memorandum of Law in Support of Plaintiff's Motion for Remand to State Court and to Stay Briefing on Defendant's Motion to Dismiss***, by causing a true and accurate copy of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system, on this the 21st day of December 2016.

/s/ Benjamin H. Richman