IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALAN BRAHAMSHA, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>REDBOX AUTOMATED RETAIL, LLC, a Delaware limited liability corporation,,<br><br>　　　　　Defendant. | No. 16-cv-10054<br><br>JUDGE: Honorable Andrea R. Wood |

**DEFENDANT REDBOX AUTOMATED RETAIL, LLC'S
OPPOSITION TO MOTION TO REMAND**


Dated: January 26, 2017

**REDBOX AUTOMATED RETAIL, LLC**

Debra R. Bernard, ARDC No. 6191217
DBernard@perkinscoie.com
**PERKINS COIE LLP**
131 South Dearborn, Suite 1700
Chicago, Illinois 60603
Telephone: (312) 324-8559
Facsimile: (312) 324-9559

Rebecca S. Engrav, *pro hac vice pending*
REngrav@perkinscoie.com
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-6168
Facsimile: (206) 359-7168

134265988.2

-i-

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1
II. PROCEDURAL BACKGROUND...................................................................................... 2
III. ARGUMENT ....................................................................................................................... 3
    A. Redbox Carried Its Burden to Establish Jurisdiction at the Time of Removal .................................................................................................................. 3
    B. Redbox's Motion to Dismiss Does Not Address, Let Alone Concede, Article III Standing ............................................................................................... 4
    C. Redbox Has No "Burden" to Prove Plaintiff's Standing When Plaintiff Refuses to Take a Position on Whether He Has Sufficient Injury for Article III ............................................................................................................... 6
IV. CONCLUSION.................................................................................................................. 10

## TABLE OF AUTHORITIES

Page

**CASES**

*Benson v. SI Handling Sys., Inc.*,
    188 F.3d 780 (7th Cir. 1999) ..................................................................................9

*Bullard v. Burlington N. Santa Fe Ry. Co.*,
    535 F.3d 759 (7th Cir. 2008) ..................................................................................6

*City of Chicago v. Int'l Coll. of Surgeons*,
    522 U.S. 156 (1997)................................................................................................3

*Colo. Manufactured Hous. Ass'n v. Bd. of Cty. Comm'rs of Cty. of Pueblo, Colo.*,
    946 F. Supp. 1539 (D. Colo. 1996).........................................................................8

*Cty. of Cook v. Wells Fargo & Co.*,
    115 F. Supp. 3d 909 (N.D. Ill. 2015) ......................................................................5

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
    __ U.S. __, 135 S. Ct. 547 (2014)..........................................................................3

*Doe v. Allied-Signal, Inc.*,
    985 F.2d 908 (7th Cir. 1993) ..................................................................................7

*Duberry v. J. Crew Grp., Inc.*,
    No. 2:14-CV-08810-SVW-MRW, 2015 WL 4575018 (C.D. Cal. July 28,
    2015) ......................................................................................................................8

*Friends of Trumbull v. Chicago Bd. of Educ.*,
    123 F. Supp. 3d 990 (N.D. Ill. 2015) ......................................................................5

*Hopkins v. Staffing Network Holdings, LLC*,
    No. 16-C-7907, 2016 WL 6462095 (N.D. Ill. Oct. 18, 2016) ................................6

*Hummel v. St. Joseph Cty. Bd. of Comm'rs*,
    817 F.3d 1010 (7th Cir. 2016) ................................................................................8

*In re Burlington N. Santa Fe Ry. Co.*,
    606 F.3d 379 (7th Cir. 2010) ..................................................................................6

*Lee v. Am. Nat'l. Ins. Co.*,
    260 F.3d 997 (9th Cir. 2001) ..................................................................................8

# TABLE OF AUTHORITIES
## (continued)

    **Page**

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
    __ U.S. __, 134 S. Ct. 1377 (2014) ................................................................................ 1, 4

*Martinez v. Snapchat*,
    2:16-cv-05182-SVW-FFM (C.D. Cal. Aug 24, 2016), ECF No. 27 ................................. 7, 8

*Meyers v. Oneida Tribe of Indians of Wisconsin*,
    836 F.3d 818 (7th Cir. 2016) ............................................................................................. 1

*Mocek v. Allsaints USA Ltd.*,
    No. 16 C 8484, 2016 WL 7116590 (N.D. Ill. Dec. 7, 2016) .......................................... 6, 7

*Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*,
    707 F.3d 883 (7th Cir. 2013) ........................................................................................... 7, 9

*Palomino v. Facebook, Inc.*,
    No. 16-CV-04230-HSG, 2017 WL 76901 (N.D. Cal. Jan. 9, 2017) ................................... 1

*Schur v. L.A. Weight Loss Ctrs., Inc.*,
    577 F.3d 752 (7th Cir. 2009) ............................................................................................. 7

*Silha v. ACT, Inc.*,
    807 F.3d 169 (7th Cir. 2015) ............................................................................................. 7

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*,
    549 U.S. 422 (2007) ........................................................................................................... 1

*Standard Fire Ins. Co. v. Knowles*,
    __ U.S. __, 133 S. Ct. 1345 (2013) .................................................................................. 3

*Thompson v. N. Am. Stainless, LP*,
    562 U.S. 170 (2011) ...................................................................................................... 4, 5

**STATUTES**

28 U.S.C. § 1332(d)(2) ............................................................................................................ 2, 3

28 U.S.C. § 1332(d)(5)(B) .......................................................................................................... 3

28 U.S.C. § 1441(a) .................................................................................................................... 3

28 U.S.C. § 1446 ......................................................................................................................... 9

-iv-

# TABLE OF AUTHORITIES
## (continued)

                                                                                                                 **Page**

28 U.S.C. § 1447(e) ........................................................................................................................7

Truth-in-Consumer Contract, Warranty and Notice Act,
    N.J. Stat. Ann. § 56:12-14 et seq. ...................................................................................... *passim*

**RULES**

Fed. R. Civ. P. 12(b)(1)....................................................................................................................8

Defendant Redbox Automated Retail, LLC submits this opposition to Plaintiff Alan Brahamsha's Motion to Remand.

## I.     INTRODUCTION

This case was removed from state court in New Jersey to the United States District Court for the District of New Jersey pursuant to the Class Action Fairness Act of 2005 ("CAFA") and subsequently transferred to this district. Plaintiff now requests that the Court remand this case back to New Jersey state court on the basis of lack of standing. Significantly, however, neither Plaintiff nor Redbox actually asserts that Plaintiff lacks sufficient injury to confer Article III jurisdiction. In fact, while seeking remand, Plaintiff disingenuously claims that he "takes no position on whether he has alleged an injury sufficient to establish Article III standing." ECF No. 27 at 4-5. The absurdity of Plaintiff's position is self-evident.

Plaintiff's motion is unsupported, without legal basis, and should be denied. Plaintiff's motion appears to be merely a reaction to Redbox's motion to dismiss, which argues a choice of law issue[1] and that Plaintiff fails to state a claim because he is not an "aggrieved party" as required by the New Jersey statute under which he sues, New Jersey's Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J. Stat. Ann. § 56:12-14 et seq. In his motion to remand, Plaintiff suggests that the Court should view Redbox's argument that Plaintiff is not sufficiently "aggrieved" under TCCWNA as an implicit concession that Plaintiff also lacks Article III standing. ECF No. 27 at 4. But statutory standing and Article III standing are different inquiries, and Plaintiff can have Article III standing even if he lacks statutory standing, which is not jurisdictional. *See, e.g.*, *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, __

---

[1] In its motion to dismiss, Redbox argues that Plaintiff agreed to the Terms of Use ("Terms") which provide that Illinois law governs the parties' relationship. ECF 7-1 at 5. Since TCCWNA is a creature of New Jersey law alone, Plaintiff's claim should be dismissed. *See, e.g.*, *Palomino v. Facebook, Inc.*, No. 16-cv-04230-HSG, 2017 WL 76901, at *4-5 (N.D. Cal. Jan. 9, 2017) (dismissing TCCWNA claim pursuant to California choice of law clause in Facebook's Terms of Service). Plaintiff cannot have it both ways—rely on the Terms for his TCCWNA claim but ignore the Terms' governing law provision. Further, the Court may consider Redbox's motion to dismiss first since the choice of law argument raises threshold issues that may be ruled upon prior to addressing jurisdiction. *See, e.g.*, *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431, 435-36 (2007); *Meyers v. Oneida Tribe of Indians of Wis.*, 836 F.3d 818, 823 (7th Cir. 2016). If the Court finds that Illinois law, not New Jersey law, governs as a threshold matter, then Plaintiff's claims based on a New Jersey statute should be dismissed.

U.S. __, 134 S. Ct. 1377, 1387 & n.4 (2014) (noting that statutory standing "zone of interests" inquiry does not implicate subject matter jurisdiction and, as such, is not jurisdictional). Further, Plaintiff's contention that the burden of pleading and proving Article III standing is on Redbox is incorrect. In the absence of an actual challenge to standing (there is none here, given Plaintiff's artful dodging in his motion), there simply is no burden to take up, and even if there were a post-removal challenge to standing, it would not be Redbox's burden alone to shoulder.

## II.   PROCEDURAL BACKGROUND

Plaintiff filed this putative class action complaint against Redbox in the Superior Court of New Jersey on July 28, 2016. *See* ECF No. 1-1 at 4. The complaint, which was filed on behalf of all New Jersey residents who have rented or purchased from a Redbox kiosk, alleges that Redbox's Terms of Use violate TCCWNA. *Id.* ¶¶ 1-5.

On September 19, 2016, Redbox removed this case to the United States District Court for the District of New Jersey under CAFA. ECF No. 1. After removal, Redbox filed a motion to transfer venue to this Court and a motion to dismiss the complaint on October 7, 2016. ECF Nos. 6, 7. Instead of opposing these motions or raising concerns about Redbox's removal or seeking to remand at that time, Plaintiff voluntarily stipulated to transfer. ECF No. 10. Accordingly, this case was transferred to the United States District Court for the Northern District of Illinois on October 26, 2016. ECF No. 11.

After transfer, the parties drafted and submitted a joint status report in which both parties jointly asserted: "This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(d)(2)." ECF No. 21 ¶ I.C. This status report also included the parties' anticipated motions and the expected major issues in the case. *Id.* ¶¶ I.C, II.A-B. Plaintiff made no mention of remand or standing.

Plaintiff's opposition to Redbox's motion to dismiss was due on December 14, 2016, by agreement. ECF No. 22. One day before this deadline, Plaintiff's counsel contacted Redbox's counsel to request an additional week to oppose the motion and Redbox stipulated to this extension. ECF No. 23 ¶ 6. On December 21, rather than respond to Redbox's motion to

dismiss, Plaintiff filed the current motion to remand and stay briefing on the motion to dismiss. ECF Nos. 26, 27. At the January 5, 2017 status conference on the motion to remand, the Court denied Plaintiff's request to stay briefing on the motion to dismiss and ordered the parties to file simultaneous opposition briefing by January 26, 2017. ECF No. 30.

## III. ARGUMENT

### A. Redbox Carried Its Burden to Establish Jurisdiction at the Time of Removal

At the time of removal, Redbox met its burden to establish original jurisdiction in federal court. A removing defendant must establish that the federal court has "original jurisdiction." *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ."); *see also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal . . . depends on whether the case originally could have been filed in federal court."). Here, Redbox removed under CAFA. Under CAFA, federal courts "shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant" so long as there are more than 100 plaintiffs in the class. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B); *see also Standard Fire Ins. Co. v. Knowles*, __ U.S. __, 133 S. Ct. 1345, 1348 (2013) ("CAFA provides the federal district courts with 'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.'") (quoting 28 U.S.C. §§ 1332(d)(2), (d)(5)(B)). Redbox's notice of removal pleads each requirement of CAFA. *See* ECF No. 1 at ¶¶ 8-12. Plaintiff does not dispute any of these facts. Indeed, the parties' Joint Status Report effectively concedes that the requirements of CAFA are met. *See* ECF No. 21 ¶ I.C.[2]

---

[2] Because Redbox removed under CAFA, Plaintiff's claim that the Court must apply a presumption against removal and in favor of remand, ECF 27 at 3-4, is wrong. "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, __ U.S. __, 135 S. Ct. 547, 554 (2014).

134265988.2    -3-

Thus, Redbox satisfied its jurisdictional burden as the removing defendant, and it had no burden to plead or prove standing at the time it removed this case.

  **B. Redbox's Motion to Dismiss Does Not Address, Let Alone Concede, Article III Standing**

Plaintiff's motion to remand does not actually assert that Plaintiff lacks standing; instead, Plaintiff's hope seems to be that he can convince the Court that *Redbox* has *conceded* a lack of standing with its motion to dismiss argument. *See* ECF No. 27 at 1, 3-4 ("By arguing throughout its motion to dismiss that Mr. Brahamsha has not alleged any injury, Redbox has effectively disavowed that burden [to establish standing]."). Plaintiff urges the Court to treat Redbox's argument in its motion to dismiss that Plaintiff is not "aggrieved" under TCCWNA as an implicit concession that there is insufficient injury in fact for Article III. However, Plaintiff's argument is meritless as the principles undergirding Article III standing and statutory standing are different.

In its motion to dismiss, Redbox argues that Plaintiff lacks statutory standing: "Plaintiff's complaint . . . must be dismissed because Plaintiff is not "aggrieved" as required by TCCWNA and therefore lacks statutory standing to sue under TCCWNA." ECF No. 7-1 at 16. This is not an Article III argument; it is a statutory standing argument that Plaintiff cannot show he falls within the "zone of interests" protected by TCCWNA because he is not an "aggrieved consumer." Article III standing and statutory standing are distinctly different issues. Unlike Article III standing arguments, statutory standing challenges require courts to assess whether the plaintiff "has a cause of action under the statute"—an analysis that "does not implicate subject-matter jurisdiction, *i.e.,* the court's statutory or constitutional power to adjudicate the case." *Lexmark Int'l*, 134 S. Ct. at 1387 & n.4 (emphasis, citations, and internal quotations omitted)).

In fact, the United States Supreme Court has squarely rejected an argument similar to the one Plaintiff advances here: that there is no difference between a statutory "aggrieved" requirement and the injury-in-fact requirement for Article III standing. *See Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 177-78 (2011). In *Thompson*, the plaintiff argued that Title VII's

134265988.2  -4-

requirement that a party be "aggrieved" was coextensive with Article III's injury-in-fact requirement. Thus, if the plaintiff had Article III standing, he also had statutory standing to sue under Title VII. The Court rejected that argument, holding instead that there is a difference between "aggrieved" and Article III. It first framed its point by noting that "there is a common usage of the term 'person aggrieved' that avoids the extremity of equating it with Article III." *Id.* at 177. It then concluded:

> [T]he term "aggrieved" in Title VII incorporates this [zone of interests] test, enabling suit by any plaintiff with an interest "arguably [sought] to be protected by the statute," while excluding plaintiffs who might technically be injured in an Article III sense but whose interests are unrelated to the statutory prohibitions in Title VII.

*Id.* at 178 (citation omitted).

There are many statutory schemes in which an explicit statutory standing requirement regarding the nature and type of injury exists separate and apart from the bare requirements of Article III. In suits brought under such statutes, there will be cases in which the plaintiff's lack of injury means that neither Article III nor the applicable statutory standing requirements are met—but there also are cases in which the plaintiff pleads enough to show an injury in fact but not enough to show that he or she was within the zone of interests that the statute was designed to protect. *See, e.g.*, *County. of Cook v. Wells Fargo & Co.*, 115 F. Supp. 3d 909, 914, 918 (N.D. Ill. 2015) (holding that plaintiff adequately alleged Article III injury in fact but dismissing case because plaintiff could not satisfy the "aggrieved" requirement of the Fair Housing Act); *Friends of Trumbull v. Chi. Bd. of Educ.*, 123 F. Supp. 3d 990, 994-97 (N.D. Ill. 2015) (noting that court had previously denied a challenge to plaintiff's Article III standing but dismissing case because plaintiff was not "aggrieved" under the Americans with Disabilities Act or Rehabilitation Act). Similarly, a plaintiff who is not sufficiently "aggrieved" to sue under TCCWNA might or might not have sufficient injury in fact to satisfy Article III.

Contrary to Plaintiff's position, Plaintiff can have Article III standing but yet not be an "aggrieved" party for purposes of TCCWNA—the former simply does not preclude the latter.[3]

### C. Redbox Has No "Burden" to Prove Plaintiff's Standing When Plaintiff Refuses to Take a Position on Whether He Has Sufficient Injury for Article III

Removal was proper in this case and Redbox's motion to dismiss is not a concession that standing is lacking. And in no other respect does Plaintiff's motion to remand make any assertion of lack of standing to which Redbox could respond. After removal, a party who thinks Article III standing is lacking may move to remand on that basis (or the court may raise the issue).[4] But a fundamental necessity in such a motion is an actual assertion or suggestion by the challenging party that standing is lacking. *See, e.g.*, *Hopkins v. Staffing Network Holdings, LLC*, No. 16 C 7907, 2016 WL 6462095, at *1-2 (N.D. Ill. Oct. 18, 2016) (remanding on defendant's motion after defendant "argue[d] that plaintiff lacks standing under Article III of the Constitution"); *Mocek v. Allsaints USA Ltd.*, No. 16 C 8484, 2016 WL 7116590, at *2 (N.D. Ill. Dec. 7, 2016) ("[I]n this case, the jurisdictional issue is 'easily and readily' resolved based on the parties' post-removal *agreement* that federal jurisdiction is lacking." (emphasis added)).[5] If such a challenge is lodged, *then* other parties would need to respond.

Here, Plaintiff coyly "takes no position on whether he has alleged an injury sufficient to establish Article III standing." ECF No. 27 at 4-5. Although Plaintiff clearly seeks remand, he

---

[3] For yet another reason, Redbox's motion to dismiss is simply irrelevant to questions of federal jurisdiction over this case. The general rule is that post-removal filings do not affect jurisdiction. *See In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 380 (7th Cir. 2010) ("[J]urisdiction under CAFA is secure even though, after removal, the plaintiffs amended their complaint to eliminate the class allegations. The well-established general rule is that jurisdiction is determined at the time of removal, and nothing filed after removal affects jurisdiction."); *see also Bullard v. Burlington N. Santa Fe Ry. Co.*, 535 F.3d 759, 762 (7th Cir. 2008) (noting, in a case removed under CAFA, that "we doubt that anything filed after a notice of removal can affect federal jurisdiction").

[4] If the Court here were to question the existence of standing, Redbox would be happy to respond—but it would be appropriate for the Court to require Plaintiff to take a position on the issue first.

[5] The procedural and substantive issues in *Mocek* are completely different than the issues in this case. In *Mocek*, the defendant squarely challenged Article III standing after removal with a Federal Rule of Civil Procedure 12(b)(1) motion and the plaintiff affirmatively agreed that standing was lacking: "Neither side believes this case belongs in federal court. Indeed, they agree that I lack jurisdiction over plaintiff's only claim. Their dispute boils down to whether, under these circumstances, I must remand the case to state court or instead dismiss it outright." *See Mocek*, 2016 WL 7116590, at *1.

claims that "[h]e does not have to" take a position on standing because "he filed in state court," which he suggests means that Redbox "must establish that Mr. Brahamsha has sufficiently alleged an Article III injury." *Id.* at 5.

The cases cited by Plaintiff as ostensible support for his claim that Redbox bears the burden to prove Article III standing because it removed this case from state court are inapposite. Plaintiff's cases either have nothing to do with Article III standing, or nothing to do with removal. Three of these cases do not even address Article III standing, but instead concern issues related squarely to the court's "original jurisdiction"—a classic removal question, not at issue here, and on which the removing defendant does bear the burden. *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) (whether a res judicata defense was sufficient to establish original jurisdiction under the federal question statutes); *Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 890-91 (7th Cir. 2013) (whether a federal preemption claim was enough to invoke federal question jurisdiction); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758-59 (7th Cir. 2009) (regarding post-removal joinder of nondiverse defendants under 28 U.S.C. § 1447(e)). Plaintiff's last case, *Silha v. ACT, Inc.*, 807 F.3d 169, 171-73 (7th Cir. 2015), at least presents an Article III standing question, but that case was filed in federal court initially, meaning neither removal nor remand was at issue. In fact, in *Silha*, the defendant challenged Article III standing and the court merely reiterated that it was the plaintiff's burden to rebut that challenge. *See id.* at 173.

A decision of the Central District of California, however, is directly on point and clearly supports Redbox's position. *See Martinez v. Snapchat*, 2:16-cv-05182-SVW-FFM (C.D. Cal. Aug. 24, 2016) , ECF No. 27 (In Chambers Order Denying Motion to Remand) (attached as Exhibit A). In that case, as here, the plaintiff asserted that the removing defendant must plead and prove standing in order to remain in federal court. *Id.* at 1-2. Again as here, the plaintiff's motion to remand stated no position on whether the plaintiff had standing. *Id.* at 2. The court held that "[t]here is no authority, through statute or case law, that a Defendant must *assert* or establish Art. III standing in order to remove a case to Federal court." *Id.* at 1. Accordingly, the

court found the case was properly removed. The court then held that on the plaintiff's motion to remand, the defendant had no burden to establish standing, and it denied the plaintiff's remand motion because it "contain[ed] no allegation that this Court lacks subject matter jurisdiction." *Id.* at 1-2. As in *Martinez,* Plaintiff's assertion that he "takes no position on whether he has alleged an injury sufficient to establish Article III standing," ECF No. 27 at 4-5, mandates the same result.

Indeed, the statutory text of the removal statute shows that pleading and proving that the plaintiff has standing under Article III is simply not a part of the removing defendant's burden. Nor could it be. A defendant would never be able to *plead* the plaintiff's standing, since a defendant does not plead facts of the plaintiff's claim. It also makes no sense for the defendant to have the burden to *prove* standing, since facts and evidence of the plaintiff's claim are not within the defendant's control.[6]

Plaintiff apparently now would like to be back in state court, but yet he cannot bring himself to state that he does not have sufficient injury for Article III. One can see how this would be a difficult concession for him to make, for if he said that, it could also be an admission that he is not "aggrieved" under TCCWNA's statutory standing requirement, and he thus might

---

[6] Even if Plaintiff actually asserted a lack of Article III standing, Redbox would not bear the burden to prove Plaintiff's Article III injury. As Judge Kozinski in the Ninth Circuit has noted, remand for lack of Article III standing is a different issue from whether a court has original jurisdiction sufficient for removal. *See Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1008 (9th Cir. 2001) (Kozinski, J., concurring) (noting distinctions between "original jurisdiction" inquiry under removal statutes and standing or subject matter jurisdiction inquiry under remand statutes), *superseded in part on other grounds by statute as stated in Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1021 n.10 (9th Cir. 2011). Because these inquiries are distinct, the defendant's burden to show original jurisdiction for removal does not somehow carry over to any and all subsequent issues touching on different facets of subject matter jurisdiction, as Plaintiff suggests it does. Instead, the burden to plead and prove standing should remain on plaintiffs in removed cases, just as in cases originally filed in federal court. *Cf. Hummel v. St. Joseph Cty. Bd. of Comm'rs*, 817 F.3d 1010, 1016 (7th Cir. 2016) (noting that, even when the defendant moves for summary judgment on standing grounds, "Plaintiffs always bear the burden of showing they have standing to sue"); *Duberry v. J. Crew Grp., Inc.*, No. 2:14-cv-08810-SVW-MRW, 2015 WL 4575018, at *7 (C.D. Cal. July 28, 2015) (holding that, when the defendant removed a case under CAFA and then moved to dismiss for lack of subject matter jurisdiction, "[r]egardless of the type of motion asserted under Rule 12(b)(1), the plaintiff always bears the burden of showing that federal jurisdiction is proper"); *Colo. Manufactured Hous. Ass'n v. Bd. of Cty. Comm'rs of Cty. of Pueblo, Colo.*, 946 F. Supp. 1539, 1543 (D. Colo. 1996) ("The plaintiff always has the burden of proving standing, . . . no matter how or when the issue is raised."). But, given that Plaintiff's motion does not contain any actual argument that standing is lacking, there is no argument to which Redbox need respond at all, and thus the Court need not articulate where the burden of proof would lie if, post-removal, a plaintiff were to in fact assert a lack of standing.

find himself conceding that he simply has no TCCWNA claim to be brought in any court—state or federal. By claiming that he "takes no position" on injury, Plaintiff creates a situation rife with anomalies. Assume for the moment that the case *were* remanded at this time. The court on remand would then hear Redbox's motion to dismiss, which argues that Plaintiff's allegations of injury are insufficient to show that he is "aggrieved" by the TCCWNA violation he alleges and he thus lacks TCCWNA statutory standing. ECF No. 7-1 at 15-16. If Plaintiff's response to that motion is to argue that he *is* injured in some cognizable and sufficient fashion to bring him within the scope of TCCWNA, those injury allegations might also satisfy Article III—and Redbox would again have a basis to remove, and the case would be back in front of a federal court after a circuitous route and a large waste of both federal and state judicial resources. *See* 28 U.S.C. § 1446 (case removable within 30 days of receipt of "paper from which it may first be ascertained that the case is one which is or has become removable"); *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 783 (7th Cir. 1999) (holding that successive removal petitions are permissible and noting that "[t]he only effect of adopting an absolute one-bite rule [for removal petitions] would be to encourage plaintiffs to be coy"). Plaintiff's rather obvious gamesmanship should not be rewarded with a remand. *Cf. Ne. Rural Elec. Membership Corp.*, 707 F.3d at 890 (noting rule that party cannot use "artful pleading" tactics to omit allegations that would support federal jurisdiction in attempt to avoid removal).

In sum, Plaintiff cannot have it both ways. He cannot argue that the case should be remanded for lack of standing, but take no position on whether or not Article III standing exists. Plaintiff's position is nonsensical and should be rejected out of hand.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand should be denied.

Dated: January 26, 2017 REDBOX AUTOMATED RETAIL, LLC

By: /s/ Debra R. Bernard
Debra R. Bernard, ARDC No. 6191217
DBernard@perkinscoie.com
**PERKINS COIE LLP**
131 South Dearborn, Suite 1700
Chicago, Illinois 60603
Telephone: (312) 324-8559
Facsimile: (312) 324-9559

Rebecca S. Engrav, *pro hac vice pending*
REngrav@perkinscoie.com
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-6168
Facsimile: (206) 359-7168