# EXHIBIT A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-05182-SVW-FFM | Date | 8/24/16 |
|---|---|---|---|
| Title | *JOSE LUISE MARTINEZ AND MALCOLM NEAL V. SNAPCHAT* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS ORDER DENYING MOTION TO REMAND [17]

### I. Background

This case was removed from State court on the basis of CAFA jurisdiction. Since that time, Defendants have filed a motion to compel arbitration [Dkt. 21] and Plaintiffs have filed a motion to remand [Dkt. 17], a motion to continue the hearing on the motion to compel arbitration until this Court decided the motion to remand [Dkt. 22], and an *ex parte* motion for shortening time on Plaintiff's motion to continue the hearing on the motion to compel [Dkt. 23]. Since this Court now DENIES the motion to remand, the motion to continue hearing and the *ex parte* motion are rendered moot.

### II. Analysis

Removal is appropriate for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. CAFA grants original jurisdiction to District Courts. 28 U.S.C. § 1332(d)(2). Therefore, the State court properly removed this action under CAFA. Dkt. 1.

Plaintiffs assert that Defendants were required to *establish* Art. III standing in order to remove the case. There is no authority, through statute or case law, that a Defendant must *assert* or establish Art. III standing in order to remove a case to Federal court. In fact, it is a common occurrence for a case to be properly removed to District Court only to later be dismissed for lack of subject matter jurisdiction. *See*

| | : |
|---|---|
| Initials of Preparer | PMC |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-05182-SVW-FFM | Date | 8/24/16 |
|---|---|---|---|
| Title | *JOSE LUISE MARTINEZ AND MALCOLM NEAL V. SNAPCHAT* | | |

Dkt. 20 at pg. 6.

      Further, 28 U.S.C. § 1447(c) authorizes remand when "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." Curiously, Plaintiff's motion to remand contains no allegation that this Court lacks subject matter jurisdiction. Therefore, the motion to remand and the request for fees and costs is DENIED. The motion for a continuance and the *ex parte* motion are rendered moot. The motion to compel arbitration will proceed as currently scheduled.

Initials of Preparer

PMC