**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ALAN BRAHAMSHA, individually and on behalf of all others similarly situated, | Case No. 16-cv-10054 |
| *Plaintiff,* | Honorable Andrea R. Wood |
| v. | |
| REDBOX AUTOMATED RETAIL, LLC, a Delaware limited liability corporation, | |
| *Defendant.* | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANT REDBOX AUTOMATED RETAIL, LLC'S MOTION TO DISMISS**

1

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................... 1

BACKGROUND ...................................................................................................... 2

ARGUMENT ...................................................................................................... 4

I.     As an Initial Matter, the Court Lacks Jurisdiction and Thus, Must Remand the
Matter to State Court ....................................................................................... 4

II.     New Jersey Law Must be Applied in this Case ............................................... 5

       A.     Redbox's forum-selection clause is invalid and New Jersey choice of
law rules apply ............................................................................................. 5

       B.     Choice-of-law analysis requires application of
New Jersey law ........................................................................................... 7

            1.     *Application of Illinois would violate New Jersey public policy* ............... 7

            2.     *New Jersey has a materially greater interest in this action
than Illinois* ....................................................................................... 9

III.     Plaintiff is an "Aggrieved Consumer" ........................................................... 11

       A.     TCCWNA requires a plaintiff to allege a cognizable violation of the
statute, not actual damages ...................................................................... 11

            1.     *Plaintiff is "Aggrieved" Pursuant to Section 15* ..................................... 13

            2.     *Plaintiff is "Aggrieved" Pursuant to Section 16* ..................................... 14

       B.     Redbox's arguments do not require a different result .................................. 16

CONCLUSION ...................................................................................................... 19

## TABLE OF AUTHORITIES

**UNITED STATES SUPREME COURT**

*Atl. Marine Const. Co. v. U.S. Dist. Court for W.D. Tex.*,
    134 S. Ct. 568 (2013) ........................................................................ 6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .......................................................................... 4

*Ferens v. John Deere Co.*,
    494 U.S. 516v(1990) ......................................................................... 6

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) .......................................................................... 6

**UNITED STATES CIRCUIT COURTS OF APPEALS**

*Bloom v. Barry*,
    755 F.2d 356 (3d Cir. 1985) .............................................................. 5

*Lebegern v. Forman*,
    471 F.3d 424 (3d Cir. 2006) ............................................................ 10

*Pisciotta v. Old Nat'l Bancorp*,
    499 F.3d 629 (7th Cir. 2007) ............................................................ 4

*Schur v. L.A. Weight Loss Ctrs., Inc.*,
    577 F.3d 752 (7th Cir. 2009) ............................................................ 4

*Volvo Constr. Equip. N.Am., Inc. v. CLM Equip. Co.*,
    386 F.3d 581 (4th Cir. 2004) ............................................................ 8

*Watkins v. DineEquity, Inc.*,
    591 F. App'x 132 (3d Cir. Nov. 7, 2014) ....................................... 16

*Wright-Moore Corp. v. Ricoh Corp.*,
    908 F.2d 128 (7th Cir. 1990) .......................................................... 11

*Yakin v. Tyler Hill Corp.*,
    566 F.3d 72 (2d Cir. 2009) ............................................................... 6

**UNITED STATES DISTRICT COURTS**

*Barows v. Chase Manhattan Mortg. Corp.*,
    465 F. Supp. 2d 347 (D.N.J. 2006) ......................................... 12, 18

*Black v. Main St. Acquisition Corp.*,
   No. 11-cv-0577, 2013 WL 1295854 (N.D.N.Y. Mar. 27, 2013) ....................................... 5

*Bus. Incentives Co. v. Sony Corp. of Am.*,
   397 F. Supp. 63 (S.D.N.Y. 1975) ....................................................................................... 7

*Castro v. Sovran Self Storage, Inc.*,
   114 F. Supp. 3d 204 (D.N.J. 2015) ................................................................................... 12

*Christy v. We The People Forms & Serv. Centers, USA, Inc.*,
   213 F.R.D. 235 (D.N.J. 2003) ............................................................................................ 7

*Gomez v. Extra Space Storage, Inc.*,
   No. 13-cv-0929, 2015 WL 1472263 (D.N.J. Mar. 31, 2015) ........................................... 15

*Kendall v. Cubesmart, L.P.*,
   No. 15-cv-6098, 2016 WL 1597245 (D.N.J. Apr. 21, 2016)...................................... 14, 18

*Khoday v. Symantec Corp.*,
   No. 11-cv-180, 2014 WL 1281600 (D. Minn. Mar. 13, 2014) ........................................... 9

*Labor Ready, Inc. v. Williams Staffing, LLC*,
   149 F. Supp. 2d 398 (N.D. Ill. 2001) ............................................................................... 10

*Martinez-Santiago v. Pub. Storage*,
   38 F. Supp. 3d 500 (D.N.J. 2014) ........................................................................ 12, 14, 15

*McGarvey v. Penske Automotive Grp., Inc.*,
   639 F. Supp. 2d 450 (D.N.J. 2009) ................................................................................... 12

*Mendez v. Avis Budget Grp., Inc.*,
   No. 11-cv-6537, 2012 WL 1224708 (D.N.J. Apr. 10, 2012)............................................... 9

*Millett v. Truelink, Inc.*, Civ. No. 05–599,
   2006 WL 2583100 (D. Del. Sept. 7, 2006) ........................................................................ 9

*Mocek v. AllSaints USA Ltd.*,
   No. 16-cv-8484, 2016 WL 7116590 (N.D. Ill. Dec. 7, 2016)............................................. 4

*Networld Comm'n, Corp. v. Croatia Airlines, D.D.*,
   No. 13-cv-4770, 2014 WL 4662223 (D.N.J. Sept. 18, 2015)........................................... 10

*Paniagua Grp., Inc. v. Hosp. Specialists, LLC*,
   No. 11-cv-6003, 2016 WL 1725934 (D.N.J. Apr. 28, 2016)............................................. 10

*PQ Labs, Inc. v. Yang Qi*,
    2012 WL 2061527 (N.D. Cal. June 7, 2012) ................................................... 6

*Shah v. Am. Express Co.*,
    No. 09-cv-00622, 2009 WL 3234594 (D.N.J. Sept. 30, 2009) ....................................... 16

*Stone v. Cty. of Lassen*,
    No. 12-cv-01946, 2013 WL 269085 (E.D. Cal. Jan. 23, 2013) ..................................... 7

*Walter v. Hughes Commc'ns, Inc.*,
    682 F. Supp. 2d 1031 (N.D. Cal. 2010) ........................................................... 9

*Wenger v. Bob's Disc. Furniture, Inc.*,
    No. 14-7707 (D.N.J. Feb. 29, 2016) ............................................................. 17

*Wilson v. Kia Motors Am., Inc.*,
    No. 13-cv-1069, 2015 WL 3903540 (D.N.J. June 25, 2015) ........................................ 17

**STATE COURTS**

*Avery v. State Farm Mut. Auto. Ins. Co.*,
    216 Ill. 2d 100 (2005) ......................................................................... 8

*Baker v. La Pierre, Inc.*,
    No. A-0325-14T2, 2015 WL 10401421 (N.J. Super. Ct. App. Div. Mar. 4, 2016) .......... 10

*Barbarino v. Paramus Ford*,
    No. BER-L-2856-15, 2015 WL 5475928 (N.J. Super. Ct. Law Div. Sept. 21, 2015) ...... 16

*Cameron v. Monkey Joe's Big Nut Co.*,
    2008 WL 6084192 (N.J. Super. Ct. Law Div. Aug. 4, 2008) ........................................ 12

*Chicago Area Council of Boy Scouts of Am. v. City of Chicago Com'n on Human Relations*,
    322 Ill. App. 3d 17 (2001) ..................................................................... 18

*Gamble v. Connolly*,
    399 N.J. Super. 130, 144 (Law. Div. 2007) ...................................................... 8

*Glos v. People*,
    259 Ill. 332, 340 (1913) ....................................................................... 17

*Greeling v. Abendroth*,
    351 Ill. App. 3d 658 (2004) ..................................................................... 17

*Greenberg v. Mahwah Sales and Service, Inc.*,
    2016 WL 193485 (N.J. Super. Law Div. Jan. 8, 2016) .................................................. 11

*Kubis & Perszyk Associates, Inc. v. Sun Microsystems, Inc.*,
   146 N.J. 176 (1996) ........................................................................................................ 8

*Maher & Assocs., Inc. v. Quality Cabinets*,
   267 Ill. App. 3d 69 (1994) .............................................................................................. 9

*McKee v. AT & T Corp.*,
   164 Wash. 2d 372 (2008) ................................................................................................ 9

*New Jersey Dental Ass'n v. Metro. Life Ins. Co.*,
   424 N.J. Super. 160 (App. Div. 2012) ........................................................................... 8

*Para Petroleum Corp.*,
   296 N.J. Super. 164 (App. Div. 1997) ......................................................................... 11

*Potomac Leasing Co. v. Chuck's Pub, Inc.*,
   156 Ill. App. 3d 755, 509 N.E.2d 751 (1987) .............................................................. 10

*Shelton v. Restaurant.com, Inc.*,
   214 N.J. 419 (2013) ................................................................................................. 8, 13

*Stelluti v. Casapenn Enterprises, LLC*,
   203 N.J. 286 (2010) ...................................................................................................... 13

*United Consumer Fin. Servs. Co. v. Carbo*,
   410 N.J. Super. 280 (App. Div. 2009) ......................................................................... 12

*Vasquez v. Glassboro Serv. Ass'n, Inc.*,
   83 N.J. 86, 98, 415 A.2d 1156 (1980) ............................................................................ 7

*Walters v. Dream Cars Nat., LLC*,
   2016 WL 890783 (N.J. Super. Ct. Law Div. Mar. 7, 2016) .................................. *passim*

*Winer Motors, Inc. v. Jaguar Rover Triumph, Inc.*,
   208 N.J. Super. 666 (App. Div. 1986) ......................................................................... 10

*Wright v. Bank of America, N.A.*,
   No. L-433-15, 2016 WL 631910 (N.J. Super. Ct. Law Div. Jan. 28, 2016)................... 16

**STATUTES**

815 ILCS 505 ............................................................................................................................ 8

N.J.S.A. § 56:12-14................................................................................................................... 1

N.J.S.A. § 56:12-15 ................................................................................... 3, 13

N.J.S.A. § 56:12-16 ............................................................................... 3, 8, 14

N.J.S.A. § 56:12-17 ................................................................................... 3, 11

**MISCELLANEOUS**

14C Charles A. Wright *et al*, Federal Practice & Procedure § 3739 (4th ed.) .............................. 4

2016 New Jersey Senate Bill No. 2785 ................................................................ 13

Merriam-Webster's Collegiate Dictionary 23 (10th ed. 2000) .................................... 18

Restatement (Second) of Conflicts Laws § 187 ............................................... *passim*

Restatement (Second) of Conflicts Laws § 188 ......................................................... 5

Sponsor's Statement, Statement to Assembly Bill No. 1660 (May 1, 1980) .......................... 8, 11

## INTRODUCTION

In 1981, a concerned New Jersey legislature passed the Truth-in-Consumer Contract, Warranty, and Notice Act, N.J.S.A. § 56:12-14, *et seq*. ("TCCWNA"), to protect its citizens from, and prohibit the use of, deceptive and oppressive terms and conditions found in consumer contracts, warranties, and notices. More than thirty-five years later, Defendant Redbox Automated Retail, LLC ("Redbox") operates as if TCCWNA doesn't exist and includes those very sorts of deceptive and oppressive terms and conditions in its Terms of Use. Plaintiff Alan Brahamsha, a New Jersey resident and regular Redbox user, brought suit on behalf of himself and the thousands of other New Jerseyans affected by these unlawful terms. Having removed the case from New Jersey state court and then transferred it here, Redbox now seeks dismissal on the basis of a number of flawed arguments.

As a threshold matter and explained in Mr. Brahamsha's pending motion to remand, the Court lacks jurisdiction to even consider Redbox's motion to dismiss. As the removing party, Redbox has the burden of establishing this Court's jurisdiction over the case. Rather than doing that, Redbox called it into question by arguing in its motion that Brahamsha "has alleged no injury at all." (Dkt. 7-1 at 25) (capitalization omitted). Injury in fact is an essential element of Article III standing, which is itself an essential element of federal jurisdiction. By arguing that Mr. Brahamsha has alleged no injury, Redbox has called his Article III standing into question, and thus failed to meet its burden as the removing party of establishing federal jurisdiction. As a result, this Court lacks jurisdiction and the case must be remanded.

Beyond that fundamental issue, Redbox incorrectly contends that dismissal is required because its Terms of Use and the Illinois choice-of-law clause included therein waived all New Jersey statutory rights, including those protected by TCCWNA. That's simply not true. On its

face, TCCWNA prohibits the waiver of its protections. Beyond that, New Jersey, rather than Illinois, law must be applied because: (i) New Jersey—where the contracts at issue were entered into, the unlawful conduct occurred, and the harm resulted—has a fundamental public policy against such waivers and in favor of protecting its residents' interests; (ii) those interests and protections would not be preserved under Illinois law (indeed, as Redbox makes clear, there would be no remedy in Illinois); and (iii) New Jersey necessarily has a greater interest in protecting the members of the New Jersey only class in this case than any interests the state of Illinois might have.

Lastly, Redbox is flat wrong in its interpretation of the term "aggrieved consumer" under the statute and in its suggestion that Mr. Brahamsha fails to meet that standard. The breadth of the case law makes clear that TCCWNA can be violated if the contract at issue simply contains a prohibited provision, and it provides relief even if the plaintiff has not suffered any actual damages. Here, there can be no dispute that Redbox's Terms of Use failed to comply with TCCWNA, nor that Mr. Brahamsha, as a regular Redbox user, was subject to those unlawful terms. Nothing more need be pleaded to establish his status as an "aggrieved consumer" permitted to pursue the claims asserted.

For these reasons and as discussed further below, Plaintiff respectfully requests that the Court deny Defendant's motion to dismiss.

## BACKGROUND

Redbox is an Illinois limited liability corporation that operates movie and video rental kiosks in more than 40,000 locations in the United States, over 200 of those in New Jersey. (Dkt. 7-1 at 11.) Mr. Brahamsha is a New Jersey resident who has visited Redbox kiosks to rent movies and video games. (Dkt. 1, Ex. A at 8). To rent movies, he had to create an account and

agree to Redbox's non-negotiable Terms of Use, (*id*.), which, among other things: (i) absolves Redbox of all liability for "any loss or damages of any kind"; (ii) absolves Redbox of all liability for its own negligence, even when it causes injuries that are "foreseeable" and even when it "has been advised or should have known" of the risks; (iii) disclaims Redbox's liability for punitive damages; and (iv) states that some states do not allow the exclusion or limitation of incidental or consequential damages, without stating which exclusions or limitations are applicable to New Jersey consumers. (*Id*. at 6–7.)

Plaintiff alleges that these terms (among others) violate Sections 15 and 16 of TCCWNA, and that he is therefore entitled to relief under Section 17. Section 15 states:

> No [s]eller, lessor, creditor, lender or bailee shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign . . . which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed.

N.J.S.A. § 56:12-15. Section 16 provides that "[n]o consumer contract, warranty, notice or sign, as provided for in this act, shall contain any provision by which the consumer waives his rights under this act. Any such provision shall be null and void." N.J.S.A. § 56:12-16. It also provides that "[n]o consumer contract, notice or sign shall state that any of its provisions is or may be void, unenforceable or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey; provided, however, that this shall not apply to warranties." *Id*. Lastly, Section 17 requires that "any person who violates this act shall be liable to the aggrieved consumer for a civil penalty of not less than $100.00 or for actual damages, or both. . . . " N.J.S.A. § 56:12-17.

## **ARGUMENT**

In considering a motion to dismiss, the Court views all facts in the complaint and draws all reasonable inferences in the light most favorable to the plaintiff. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). Dismissal is improper when a court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## I.     **As an Initial Matter, the Court Lacks Jurisdiction Over this Case and Thus, Must Remand the Matter to State Court.**

As an initial matter, this Court cannot rule on Defendant's Rule 12(b)(6) motion because it does not have jurisdiction over the case. Federal courts "must be certain that federal subject-matter jurisdiction is proper before entertaining a defendant's motion under Federal Civil Rule 12 to dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted." 14C Charles A. Wright *et al*, Federal Practice & Procedure § 3739 (4th ed.). As explained in detail in Plaintiff's motion for remand, the removing party—here, Redbox—bears the burden of establishing that the Court has jurisdiction over the matter at all stages of litigation. *See, e.g., Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) ("The party seeking removal has the burden of establishing federal jurisdiction."). By removing the action and then arguing that Mr. Brahamsha "alleged no injury at all," (Dkt. 7-1 at 25) (capitalization omitted), Redbox calls into question whether he has Article III standing, an essential element for federal jurisdiction, rather than establish it. Such diametrically opposed positions are rejected by courts and result in remand, sometimes with attorneys' fees. *See Mocek v. AllSaints USA Ltd.*, No. 16-cv-8484, 2016 WL 7116590, at *4 (N.D. Ill. Dec. 7, 2016) (declining to consider Rule 12(b)(6) arguments before remand and awarding nearly $60,000 in attorneys' fees). Because neither party has "shoulder[ed] the burden" of establishing jurisdiction in this matter, *see Black*

*v. Main St. Acquisition Corp.*, No. 11-cv-0577, 2013 WL 1295854, at *1 (N.D.N.Y. Mar. 27, 2013), the Court doesn't have it and must remand the action to New Jersey state court without ruling on the Rule 12(b)(6) motion.[1]

## II.     New Jersey Law Must be Applied in this Case.

Redbox argues that the Illinois forum selection and choice-of-law clauses included in its Terms prohibit the application of TCCWNA. (Dkt. 7-1 at 15.) That is wrong for two reasons. First, Redbox's forum-selection clause is invalid. And second, both New Jersey and Illinois adopt Section 187 of the Restatement (Second) of Conflicts Laws ("Restatement"), which states that "[t]he law of the state chosen by the parties to govern their contractual rights and duties will be applied . . . *unless* . . . application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice-of-law by the parties." *See* Restatement § 187(2)(b) (emphasis added). Here, New Jersey's fundamental public policy protects its citizens' unwaivable consumer rights that Illinois law would not afford, and its interest in protecting the thousands of members of the New Jersey only putative class is materially greater than any interest Illinois has here..

### A.      Redbox's forum-selection clause is invalid and New Jersey choice of law rules apply.

First, Redbox's forum-selection clause is invalid and New Jersey choice-of-law rules must be applied as a result. (*See* dkt. 7-1 at 15, fn. 4 (Redbox assuming in a footnote "that the

---

[1]     If the case is remanded, it must go back to New Jersey, where it came from, rather than a state court in Illinois. *See Bloom v. Barry*, 755 F.2d 356, 358 (3d Cir. 1985) ("'Remand' means 'send back.' It does not mean 'send elsewhere.' The only remand contemplated by the removal statute is a remand 'to the State court from which it was removed.'").

forum selection clause will govern in this matter and that . . . Illinois choice-of-law doctrine applies to this case.").) "A federal court sitting in diversity ordinarily must follow the choice-of-law rules of the State in which it sits . . . *an exception to that principle for § 1404(a) transfers, requir[es] that the state law applicable in the original court also apply in the transferee court.*" *Atl. Marine Const. Co. v. U.S. Dist. Court for W.D. Tex.*, 134 S. Ct. 568, 582 (2013) (emphasis added); *see also Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964) (holding the "transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue."); *Ferens v. John Deere Co.*, 494 U.S. 516, 516, (1990) (requiring "transferee forum to apply the law of the transferor court, regardless of who initiated the transfer"). Mr. Brahamsha initially filed his case in New Jersey state court. It was only later that Redbox removed the case and sought to transfer the action to the Northern District of Illinois, to which the parties stipulated. For this reason alone, New Jersey choice-of-law rules should be applied. *Atl. Marine Const. Co.*, 134 S. Ct. at 582.

Likewise, the circumstances make clear that Redbox's forum-selection clause was not applied to effectuate transfer to this Court and thus, would not militate in favor of the application of Illinois law. Indeed, the clause calls for venue in federal (or state) court *in* DuPage County. (Dkt. 6-1 at 7.)[2] No such federal court exists,[3] and this Court obviously doesn't sit there. *See Yakin v. Tyler Hill Corp.*, 566 F.3d 72, 76 (2d Cir. 2009) (finding a forum-selection clause did not apply when a federal court was not located in the district identified); *PQ Labs, Inc. v. Yang Qi*, 2012 WL 2061527, at *11 (N.D. Cal. June 7, 2012) (holding a forum-

---

[2] Illinois courts place little significance on forum-selection provisions in adhesion or boilerplate agreements. *See G.H. Miller & Co. v. Hanes*, 566 F. Supp. 305, 308 (N.D. Ill. 1983) ("If a forum selection clause is a part of a 'boilerplate' agreement, its significance is greatly reduced as such a classification indicates an inequality in the parties' bargaining power.").
[3] Clerk's Office, United State District Court for the Northern District of Illinois, http://www.ilnd.uscourts.gov/ClerksOffice.aspx (last visited Dec. 18, 2016).

selection clause providing exclusive jurisdiction in Santa Clara County, California was inapplicable because no federal court was located there); *Stone v. Cty. of Lassen*, No. 12-cv-01946, 2013 WL 269085, at *3 (E.D. Cal. Jan. 23, 2013) (holding that although the venue in the forum-selection clause was within the geographic limitations of the district's judicial district, the phrase "in Lassen County" limited the venue to courts actually sitting in that county).

**B.    Choice-of-law analysis requires application of New Jersey law.**

New Jersey law must also be applied pursuant to Section 187(2)(b) of the Restatement, which governs the conflicts of law analysis when contracts contain forum-selection clauses. *See Christy v. We The People Forms & Serv. Centers, USA, Inc.*, 213 F.R.D. 235, 239 (D.N.J. 2003). Under the Restatement, New Jersey courts will apply the law of the state chosen by the parties' unless (i) its application would be contrary to a fundamental policy of a state (ii) which has a materially greater interest than the chosen state in the determination of the particular issue. *See* Restatement § 187(2)(b). Here, because application of Illinois law would be contrary to New Jersey public policy and New Jersey has a materially greater interest in protecting the New Jersey class members in this action action than Illinois, New Jersey law must apply.

*1.    Application of Illinois would violate New Jersey public policy.*

Generally speaking, New Jersey has established a "strong public policy—enunciated both by its courts and its legislature—in favor of protecting the relatively powerless consumer or small businessman from more powerful commercial giants . . . ." *Bus. Incentives Co. v. Sony Corp. of Am.*, 397 F. Supp. 63, 67 (S.D.N.Y. 1975); *see also Vasquez v. Glassboro Serv. Ass'n, Inc.*, 83 N.J. 86, 98, 415 A.2d 1156, 1162 (1980) (recognizing that the public policy of New Jersey is found in "federal and state legislation and judicial decisions."). TCCWNA is one way the legislature has furthered this public policy. In enacting the statute, the legislature stated that

"[f]ar too many consumer contracts, warranties, notices and signs contain provisions which clearly violate the rights of consumers," and "[e]ven though these provisions are legally invalid or unenforceable, their very inclusion in a contract, warranty, notice or sign deceives a consumer into thinking that they are enforceable and for this reason the consumer often fails to enforce his rights." Sponsor's Statement, Statement to Assembly Bill No. 1660 (May 1, 1980) ("Sponsor's Statement"). New Jersey's Governor even identified TCCWNA "as a measure to strengthen" the consumer protection laws already in place. *See Shelton v. Restaurant.com, Inc.*, 214 N.J. 419, 442–43 (2013). And by its very terms, TCCWNA's protections cannot be waived: it includes an "anti-waiver" provision. *See* N.J.S.A. § 56:12-16 ("No consumer contract, warranty, notice or sign . . . shall contain any provision by which the consumer waives his rights under this act. Any such provision shall be null and void.").[4]

Application of Illinois law here would not only undermine the New Jersey public policies that are foundational to TCCWNA, it would do away with them altogether. As Redbox itself recognizes, application of Illinois law would not provide Mr. Brahamsha and the putative class any relief whatsoever. (*Id.* at 19 (arguing that "Illinois law merits dismissal of Plaintiff's

---

[4]     Courts often rely on such clauses to invalidate choice-of-law provisions as well. *See Volvo Constr. Equip. N.Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 608 (4th Cir. 2004) ("[T]he presence of an antiwaiver provision . . . suggests the importance the legislature attached to the statute."); *New Jersey Dental Ass'n v. Metro. Life Ins. Co.,* 424 N.J. Super. 160, 165 (App. Div. 2012) ("Although the terms of a contract are generally left to the parties, courts declare contracts invalid if they violate statutes."); *Gamble v. Connolly*, 399 N.J. Super. 130, 144 (Law. Div. 2007) ("Here the contract in question transgresses a statute, N.J.S.A. 46:8-10, and is therefore, disruptive of public policy, at odds with the public interest and deleterious to the common good."); *Kubis & Perszyk Associates, Inc. v. Sun Microsystems, Inc.*, 146 N.J. 176 (1996) (invalidating California choice-of-law clause and applying New Jersey law where the result would otherwise have been contrary to the legislature's basic objectives in enacting the act at issue).

TCCWNA claims . . . . ").)[5] When, as here, application of a state law would strip consumers of rights to which they are entitled in their home states, courts regularly refuse to apply them. *See Maher & Assoc., Inc. v. Quality Cabinets,* 267 Ill. App. 3d 69, 77 (1994) (voiding choice-of-law clause "because Texas has no law which provides the strongest protection offered by the Sales Act: the threat of treble damages for the failure to pay sales commissions in a timely fashion"); *Khoday v. Symantec Corp.*, No. 11-cv-180, 2014 WL 1281600, at *20 (D. Minn. Mar. 13, 2014) ("Courts typically refuse to apply choice-of-law provisions to consumer protection claims when application of the choice-of-law clause will limit or deprive the consumer of a remedy provided by his or her home state."); *McKee v. AT & T Corp.*, 164 Wash. 2d 372, 385 (2008) (applying Washington law over New York law because New York law would forbid the consumer class action); *Walter v. Hughes Commc'ns, Inc.,* 682 F. Supp. 2d 1031, 1038, 1042 (N.D. Cal. 2010) (refusing to enforce a Maryland choice-of-law clause which had "the effect of waiving legal protections that are afforded by California law"); *Millett v. Truelink, Inc.*, Civ. No. 05–599, 2006 WL 2583100, at *4 (D. Del. Sept. 7, 2006) (refusing to enforce a Delaware choice-of-law clause that would insulate defendant "from liability against all statutory consumer fraud claims" arising out of conduct occurring outside of Delaware in violation of Kansas public policy).

        2.     *New Jersey has a materially greater interest in this action than Illinois.*

New Jersey law should also be applied because New Jersey has a materially greater interest in this matter than Illinois. Plaintiff and the putative class ,members are all *New Jersey* residents, who are suing under a *New Jersey* statute that was specifically enacted to provide them

---

[5]     The Illinois law arguably most like TCCWNA, the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, does not extend to "transactions that take place outside Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 185 (2005). Therefore, Redbox's forum-selection and choice-of-law provisions, combined with its exculpatory clause, effectively shield RedBox of liability while depriving the putative class members of remedies that would otherwise be available to them.

heightened protections, based on conduct that occurred in *New Jersey*, and that resulted in injuries in *New Jersey*. *See Mendez v. Avis Budget Grp., Inc.*, No. 11-cv-6537, 2012 WL 1224708, at *10 (D.N.J. Apr. 10, 2012) ("when a consumer makes a purchase or performs research regarding a purchase on the internet, representations pertaining to the terms of the product or services agreement are received in the state plaintiff purchased said product or services online."); *see also Networld Comm'ns,* 2014 WL 4662223, at *3 ("while Croatia certainly has an interest in this matter, New Jersey has a materially greater interest in this dispute because, *inter alia*, [plaintiff] is a New Jersey corporation, the Agency Agreement was executed in New Jersey, [plaintiff] performed its obligations in New Jersey, and [plaintiff's] injuries were felt in this state."); *Paniagua Grp., Inc. v. Hosp. Specialists, LLC*, No. 11-cv-6003, 2016 WL 1725934, at *3 (D.N.J. Apr. 28, 2016) ("[i]f the place of negotiating the contract and the place of performance are in the same state, the local law of this state will apply."); *Lebegern v. Forman*, 471 F.3d 424, 431 (3d Cir. 2006) (same). The only connection to Illinois is Redbox's headquarters; but recall, it also has more than 200 locations in New Jersey. *See Labor Ready, Inc. v. Williams Staffing, LLC*, 149 F. Supp. 2d 398, 407 (N.D. Ill. 2001) (applying Washington law though defendant was an Illinois corporation); *Potomac Leasing Co. v. Chuck's Pub, Inc.*, 156 Ill. App. 3d 755, 759, 509 N.E.2d 751, 754 (1987) (applying Michigan law to a claim involving an Illinois corporation).

Additionally, TCCWNA is meant to protect consumers in New Jersey (like Mr. Brahamsha and the putative class members) against corporate giants (like Redbox). Under these circumstances, New Jersey courts regularly apply state laws designed to protect their residents over the law identified in a given contract, especially when the bargaining power of one party is superior to another. *See Winer Motors, Inc. v. Jaguar Rover Triumph, Inc.,* 208 N.J. Super. 666,

672 (App. Div. 1986) (applying the law of the state in which the franchisee is located rather than the law contractually agreed upon); *Baker v. La Pierre, Inc.*, No. A-0325-14T2, 2015 WL 10401421, at *4 (N.J. Super. Ct. App. Div. Mar. 4, 2016) (invalidating a landlord's forum-selection clause because of the unequal bargaining power between landlords and tenants); *Para Petroleum Corp.*, 296 N.J. Super. 164, 171 (App. Div. 1997) (holding choice-of-law provisions in insurance policies should be ignored in part because the majority of insurance contracts are not between parties with comparable bargaining power). The Seventh Circuit agrees. *See Wright-Moore Corp.*, 908 F.2d at 133 (refusing to apply a contractual choice-of-law clause because a franchisor's superior bargaining power should not be permitted "to force the franchisee to waive the legislatively provided protections").

## III. Plaintiff is an "Aggrieved Consumer."

Redbox next argues that Mr. Brahamsha's claim fails because he did not suffer "some form of injury or harm" and therefore is not "aggrieved" as contemplated by the statute. Its arguments in this regard miss the mark as well.

### A. TCCWNA requires a plaintiff to allege a cognizable violation of the statute, not actual damages.

TCCWNA was enacted to prevent the use of deceptive or oppressive provisions in consumer contracts that clearly violate the right of the consumer and remediate the harms caused by the inclusion or omission of confusing or illegal terms. *Walters v. Dream Cars Nat., LLC*, 2016 WL 890783, at *6 (N.J. Super. Ct. Law Div. Mar. 7, 2016) (citing Sponsor's Statement). Section 17 of TCCWNA requires that "any person who violates this act shall be liable to the aggrieved consumer for a civil penalty of not less than $100.00 or for actual damages, or both." N.J.S.A. § 56:12-17. Although not defined in the statute, courts interpreting TCCWNA have concluded that an "aggrieved" party must establish that the provision at issue "is or may be void,

unenforceable or inapplicable in New Jersey." *See Greenberg v. Mahwah Sales and Service, Inc.*, 2016 WL 193485, at *5, *9 (N.J. Super. Law Div. Jan. 8, 2016) (further holding that to be aggrieved one must allege "cognizable violations under applicable New Jersey law"); *Barows v. Chase Manhattan Mortg. Corp.*, 465 F. Supp. 2d 347, 362 (D.N.J. 2006) (TCCWNA "can be violated if a contract or notice simply contains a provision prohibited by state or federal law, and it provides a remedy even if a plaintiff has not suffered any actual damages.").[6] Put simply, then, a person is aggrieved so long as TCCWNA is violated and they were subject to the violative terms. *See Castro v. Sovran Self Storage, Inc.*, 114 F. Supp. 3d 204, 208 (D.N.J. 2015) (denying defendant's motion to dismiss in part because the provisions in its contract discouraged suits, regardless of whether the provisions were actually enforceable); *Martinez-Santiago v. Pub. Storage*, 38 F. Supp. 3d 500, 515 (D.N.J. 2014) (finding plaintiff had standing under TCCWNA because "[a]lthough . . . [the] broad exculpatory provision [at issue] is not permitted under New Jersey law, it purports to be enforceable in the lease agreement" and as such is "the kind of provision that TCCWNA was designed to address."); *McGarvey v. Penske Automotive Grp., Inc.*, 639 F. Supp. 2d 450, 458 (D.N.J. 2009) (recognizing TCCWNA "can be violated if a contract . . . simply contains a provision prohibited by state or federal law, and it provides a remedy even if a plaintiff has not suffered any actual damages." (quoting *Barows*, 465 F. Supp. 2d at 362) (reconsidered on other grounds)); *cf. Cameron v. Monkey Joe's Big Nut Co.*, 2008 WL 6084192 (N.J. Super. Ct. Law Div. Aug. 4, 2008) ("Here, the label did not misstate any legal rights or duties. As such, the Act was not violated and plaintiff was not then aggrieved.").

---

[6]     In fact, courts have held that the mere act of "offering a consumer contract that violates a legal right of a consumer under the law is sufficient to establish a violation of this statute." *United Consumer Fin. Servs. Co. v. Carbo*, 410 N.J. Super. 280, 306 (App. Div. 2009).

If this judicial precedent weren't enough, the standard required to bring a private right of action is made clear by the introduction of a New Jersey bill that seeks to modify the statute to include language that requires an "ascertainable loss" from class members—showing that no ascertainable loss is actually required now. *See* 2016 New Jersey Senate Bill No. 2785, New Jersey Two Hundred Seventeenth Legislature - First Annual Session.

1. *Plaintiff is "Aggrieved" Pursuant to Section 15*

Contrary to Redbox's assertions, Plaintiff plausibly states that it violated multiple provisions of TCCWNA, and therefore adequately alleges that he is an "aggrieved consumer" under the statute. Specifically, Plaintiff alleges that he is an aggrieved consumer pursuant to Section 15 of TCCWNA, which prohibits a seller to "offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign . . . which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller . . . at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed." *See Walters*, 2016 WL 890783, at *5 (citing N.J.S.A. § 56:12-15); *see also Shelton*, 214 N.J. at 442–43 (holding that the Legislature enacted TCCWNA to prevent sellers from making "an offer, enter[ing] into a contract, or [giving] or display[ing] any written consumer warranty, notice, or sign that contains terms contrary to any established state or federal right of the consumer."). Further, "[a]n agreement containing a pre-injury release from liability for intentional or reckless conduct also is plainly inconsistent with public policy," *Stelluti v. Casapenn Enterprises, LLC*, 203 N.J. 286, 303 (2010), and in passing TCCWNA, the New Jersey Legislature "intended to target contractual provisions that obligate the consumer to assume all rights and responsibilities,

13

and to defend, indemnify, and hold harmless the seller of all liability." *See Walters*, 2016 WL 890783 at *5.

Here, Plaintiff is aggrieved because Redbox's Terms of Use contain exactly the type of deceptive contractual provisions TCCWNA aims to protect against. The Terms of Use "[d]isclaim liability for punitive damages and limit all claims to a maximum of $10" and purport to absolve Redbox of all potential liability:

> UNDER NO CIRCUMSTANCES WILL REDBOX PARTIES BE LIABLE TO YOU FOR ANY LOSS OR DAMAGES OF ANY KIND [INCLUDING, WITHOUT LIMITATION, FOR ANY DIRECT, INDIRECT, ECONOMIC, EXEMPLARY, SPECIAL, PUNITIVE, INCIDENTAL OR CONSEQUNETIAL LOSSES OR DAMAGES. . . .]

(Dkt. 1-1, Ex. A at 6); (*Id*. Fig. 1.). Not surprisingly, New Jersey courts consider these types of exculpatory clauses to be unlawful. *See Kendall v. Cubesmart, L.P.*, No. 15-cv-6098, 2016 WL 1597245, at *5 (D.N.J. Apr. 21 2016) (holding it was a violation where the clause sought to release Defendants for personal injury claims "arising from any cause whatsoever . . . regardless of whether such loss or damage is caused by the intentional or negligent acts or omissions of [Defendants]."); *Martinez-Santiago v. Pub. Storage*, 38 F. Supp. 3d 500, 514 (D.N.J. 2014) (same). Thus, having been subjected to these unlawful terms, Mr. Brahamsha is clearly an "aggrieved" consumer pursuant to Section 15 of the statute.

### 2. *Plaintiff is "Aggrieved" Pursuant to Section 16*

Mr. Brahamsha is also an "aggrieved consumer" under Section 16, which provides that "[n]o consumer contract, warranty, notice or sign, as provided for in this act, shall contain any provision by which the consumer waives his rights under this act," N.J.S.A. § 56:12-16, and that "[n]o consumer contract, notice or sign shall state that any of its provisions is or may be void, unenforceable or inapplicable in some jurisdictions without specifying which provisions are or

14

are not void, unenforceable or inapplicable within the State of New Jersey. . . ." *Id.* From Section 16, "it is apparent that the Legislature was concerned with jurisdictional differences and how such differences may deceive consumers or obscure their rights, responsibilities, or remedies under New Jersey law." *Walters*, 2016 WL 890783, at *5. Thus, if a contract does not "specify how [its] provisions are void, unenforceable, or inapplicable in New Jersey," *id.* at *6, a consumer who brings a claim pursuant to Section 16 is "aggrieved."

Here, Redbox's Terms of Use contain provisions that state "in a general, non-particularized fashion that they are void, inapplicable, or unenforceable in some jurisdictions, without specifying which provisions are void, inapplicable or unenforceable in New Jersey." *Id.* at *8. In particular, the Terms of Use state, in part, "SOME STATES DO NOT ALLOW THE EXCLUSION OR LIMITATION OF INCIDENTAL OR CONSEQUENTIAL DAMAGES, SO THE ABOVE LIMITATION OR EXCLUSION MAY NOT APPLY TO YOU." (Dkt. 1, Ex. A at 6); (*Id.* at *Fig.* 1.) As New Jersey courts have held, if Section 16 means anything, "it must mean that the [] agreement needs to specify which provisions are unenforceable under New Jersey law." *Martinez-Santiago*, 38 F. Supp. 3d at 511; *Gomez v. Extra Space Storage, Inc.*, No. 13-cv-0929, 2015 WL 1472263, at *7 (D.N.J. Mar. 31, 2015) (holding that savings provisions that imply that they may be invalid in New Jersey violate TCCWNA); *Walters*, 2016 WL 890783, at *5 (opining that "TCCWNA obligates the seller to explain differences in the consumer's rights or responsibilities that may exist among jurisdictions, including New Jersey, to ensure that a consumer does not unintentionally, unknowingly, or inadvertently relinquish or fail to exercise his or her rights or remedies."). On their face, Redbox's Terms do not do that.

Accordingly, Redbox's terms violate Section 16 of TCCWNA, and Mr. Brahamsha is aggrieved under that provision of the statute as well.

**B.      Redbox's arguments do not require a different result.**

Despite the clear language of the statute, Redbox provides as many arguments as possible to distort what it means to be "aggrieved" and why Mr. Brahamsha does not meet that standard. At best, the cases upon which Redbox relies are inapposite. At worst, they actually support his claims.

First, Redbox argues that "prospective" consumers cannot be "aggrieved" consumers, (dkt. 7-1 at 17), but that argument has no merit as Plaintiff actually rented from Redbox's kiosks. (Dkt. 7-1 at 26); *see also Shah v. Am. Express Co.*, No. 09-cv-00622, 2009 WL 3234594, at *3 (D.N.J. Sept. 30, 2009) (interpreting the phrase "aggrieved consumer" to find that it applies only to "consumers" and not "prospective consumers").

Redbox next argues that a mere technical violation of TCCWNA itself is not enough to state a claim and that a plaintiff must instead be dissuaded from bringing some other cause of action on the basis of the contract. (Dkt. 7-1 at 18-20.) In making that argument, though, Redbox relies on cases that plead violations of TCCWNA based on omissions—rather than disclosures, as required—and that otherwise fail to identify an actual violation under the statute. *See, e.g., Watkins v. DineEquity, Inc.*, 591 F. App'x 132, 134 (3d Cir. Nov. 7, 2014) (holding the plaintiff did not allege a claim under TCCWNA because the plaintiff's claim sought relief for unlawful omissions in a contract when the statute was enacted to protect against unlawful disclosures); *Wright v. Bank of Am., N.A.*, No. L-433-15, 2016 WL 631910 (N.J. Super. Ct. Law. Div. Jan. 28, 2016) (dismissing TCCWNA claim because it was based on an omission and plaintiff failed to plead violation of a legal right); *Walters*, 2016 WL 890783 (dismissing TCCWNA claim when the plaintiff failed to establish that the contractual provisions violated a clearly established right and that the phrase "where permitted by law" fails to contain the necessary jurisdictional or

16

geographic qualifier); *Barbarino v. Paramus Ford*, No. BER-L-2856-15, 2015 WL 5475928, at *5 (N.J. Super. Ct. Law Div. Sept. 21, 2015) (finding that the "technical violation" of a provision identified by the plaintiffs in their complaint, which included the language "unless prohibited by law," was not actually a violation of TCCWNA); *Wilson v. Kia Motors Am., Inc.*, No. 13-cv-1069, 2015 WL 3903540, at *4 (D.N.J. June 25, 2015) (dismissing a TCCWNA claim because it was based entirely on a consumer fraud act claim that failed to identify the "*ascertainable loss*" required by that statute).

Redbox further argues that Mr. Brahamsha's claim must be dismissed because the term "aggrieved" is understood by courts throughout the country to require injury or actual harm. (Dkt. 7-1 at 20-22.) But other jurisdictions' interpretations of the term in different contexts carry no weight compared to what courts have held in the context of TCCWNA. As Redbox even recognizes, one court in New Jersey has used the "ordinary definition of an aggrieved party"— i.e., "one entitled to a remedy, especially a party whose personal pecuniary or property rights have been adversely affected by another person's action." (Dkt. 7-1 at 23 (citing *Wenger v. Bob's Disc. Furniture, Inc.*, No. 14-7707 (D.N.J. Feb. 29, 2016)). Under that standard, Mr. Brahamsha is entitled to a remedy because his rights were violated by Redbox's Terms of Use. While the court in *Wenger* may have reached a different conclusion, the defendant in that case attempted to conform with the law but, among other things, failed to provide a date or use bold font in certain places in the contract at issue. *Wenger*, No. 14-7707, Dkt. 73 (attached to Redbox's memorandum as Exhibit A) (finding that "[a]ll of the actions of the defendants are in accordance with the spirit of the Household Furniture Regulations" and the plaintiffs received the benefits provided by the statute thus negating a belief that plaintiffs could have been harmed by

17

violations that were in the spirit of the law but not the appropriate typeface).[7] Here, Redbox has

not attempted to so much as argue that its Terms of Use are in the spirit of TCCWNA—instead it

argues that the statute shouldn't be applied at all.

Of course, at the very end of its brief—and contrary to its previous arguments—Redbox

recognizes that "TCCWNA standing is not limited to plaintiffs who can show an entitlement to

actual monetary damages." (Dkt. 7-1 at 27.) It nevertheless relies on *Walters v. Dream Cars*

*Nat'l, LLC, Barows v. Chase Manhattan Morg. Corp.,* and *Kendall v. Cubesmart, L.P.*, to argue

that "some form of injury or harm arising out of the alleged TCCWNA violation" must still be

alleged. (*Id.* at 27-28.) Those cases, however, were not decided on whether the plaintiffs were

able to establish a specific harm. *See Walters,* 2016 WL 890783 (dismissing TCCWNA claim

because plaintiff failed to allege a violation of a clearly established right); *Barows*, 465 F. Supp.

2d at 362 (recognizing that TCCWNA "can be violated if a contract or notice simply contains a

provision prohibited by state or federal law, and it provides a remedy even if a plaintiff has not

suffered any actual damages" but dismissing because the plaintiff was not a consumer and the

provisions didn't violate TCCWNA); *Kendall*, 2016 WL 1597245, at *1 (allowing plaintiff's

class action claims alleging that the leasing documents for the rental unit "included provisions

---

[7]     Redbox's argument that the Court should look to how other jurisdictions define the term
"aggrieved" is a red herring. And even if the Court did consider how Illinois courts have defined
"aggrieved," Plaintiff would still meet that standard. *See Glos v. People*, 259 Ill. 332, 340 (1913)
(a "person is prejudiced or aggrieved, in the legal sense, when a legal right is invaded by the act
complained of"); *Greeling v. Abendroth*, 351 Ill. App. 3d 658, 662 (2004) (recognizing that to be
"aggrieved," "the plaintiff must 'suffer[] from an infringement or denial of legal rights.'")
(quoting Merriam-Webster's Collegiate Dictionary 23 (10th ed. 2000)). Indeed, when a statute
permits an individual "aggrieved by a violation" to file suit, it "creates a legal right, the denial of
which would, in and of itself, give rise to the type of injury necessary to establish standing."
*Chicago Area Council of Boy Scouts of Am. v. City of Chicago Com'n on Human Relations*, 322
Ill. App. 3d 17, 31 (2001) (collecting cases).

which violated clearly consumer rights under decisional law in New Jersey . . ." separate and apart from his property damage claim under New Jersey's consumer fraud act).

## CONCLUSION

For the reasons stated above, Plaintiff Brahamsha respectfully requests that the Court enter an Order (i) denying Defendant's motion to dismiss, and (ii) awarding such other and further relief as the Court deems reasonable and just.

Respectfully submitted,

**ALAN BRAHAMSHA**, individually and on behalf of all others similarly situated,

Dated: January 26, 2017

By: /s/ Benjamin H. Richman
    One of Plaintiff's Attorneys

Benjamin H. Richman
brichman@edelson.com
Courtney C. Booth
cbooth@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

19

## CERTIFICATE OF SERVICE

I, Benjamin H. Richman, hereby certify that on January 26, 2017, I served the above and foregoing **Plaintiff's Memorandum of Law in Opposition to Defendant Redbox Automated Retail, LLC's Motion to Dismiss**, by causing true and accurate copies of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system, on this the 26th day of January, 2017.

/s/ Benjamin H. Richman

20